# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| ILIGHT TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIZENS BANK, ) <br> ) <br> Defendant. ) | No. _____ |

## COMPLAINT

Comes the Plaintiff, iLight Technologies, Inc., by and though counsel, and for Complaint against the Defendant, Citizens Banks, states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, iLight Technologies, Inc. ("iLight" or "Plaintiff") is a Delaware corporation, with its principal office in Chicago, Illinois.

2. Defendant Citizens Bank (the "Bank" or "Defendant") is a banking organization with its principal office in Carthage, Tennessee.

3. This action is brought pursuant to 28 U.S.C. § 1332, as an action between citizens of different states with an amount in controversy exceeding $75,000.

### II. FACTS

4. iLight is in the business of manufacturing and selling lighting systems. iLight's corporate offices are in Chicago, and it has manufacturing facilities in Cookeville, Tennessee.

5. In connection with its Cookeville facilities, iLight maintained a checking account at the Bank ("the Account").

6. Beginning in June 2009 and continuing through the first half of March 2010, two iLight employees, Amanda Fletcher and Lisa Loftis, repeatedly forged checks to themselves or other parties to whom they personally owed debts and initiated unauthorized electronic transfers ("ACH payments") from the iLight account at the Bank. A spreadsheet listing the forged checks currently known to iLight is attached as <u>Exhibit 1</u>. A list of the unauthorized ACH payments currently known to iLight is attached as <u>Exhibit 2</u>. Further investigation may reveal more forged/unauthorized transactions.

7. If the Bank sent monthly statements to iLight, Ms. Fletcher and/or Ms. Loftis intercepted the statements and took other action to cover-up their misdeeds.

8. In March 2010, iLight discovered that Ms. Fletcher and Ms. Loftis had been forging checks and initiating unauthorized ACH payments. iLight immediately notified the Bank on or about March 15, 2010. The Bank told iLight that it could not recover for any forgeries or unauthorized transactions that occurred more than sixty (60) days before iLight provided notice to the Bank of the unauthorized transactions. The Bank instructed iLight to complete affidavits of forgeries, but only for the unauthorized transactions that had occurred within the last sixty (60) days. At the time that iLight discovered the forgeries, it had not yet received its March 2010 bank statement. The January statement was sent out in the early part of February 2010. The February statement was sent out in early March 2010.

9. iLight complied with the Bank's instructions and completed affidavits of forgery for all transactions that occurred after December 31, 2009.

10. The Bank has refused to reimburse iLight for any of the forged/unauthorized transactions, notwithstanding the date of the transaction.

11. iLight has requested that the Bank provide iLight with information concerning the Bank's anti-fraud and anti-forgery procedures that were in place during the period that iLight's employees were stealing funds from iLight's checking account. The Bank has refused to provide iLight with any such information. On information and belief, iLight contends that commercially reasonable anti-fraud and anti-forgery systems and/or other commercially reasonable actions by the Bank would have uncovered the employees' forgeries well before March 2010.

12. Ms. Fletcher and Ms. Loftis forged checks amounting to a total of not less than $81,061.26, all of which were paid by the Bank. Of these, $56,407.36 appeared on the January, February and March 2010 statements.

13. Ms. Fletcher and Ms. Loftis initiated a total of not less than $52,714.20 in unauthorized ACH transactions that were paid by the Bank. Of these, a total of $13,439.86 appeared on the January, February and March 2010 statements.

## III. CAUSES OF ACTION

## COUNT ONE

## LIABILITY FOR FORGED/UNAUTHORIZED TRANSACTIONS UNDER THE UNIFORM COMMERCIAL CODE

14. Plaintiff hereby incorporates all preceding allegations.

15. Pursuant to Tenn. Code Ann. § 47-4-401, a bank may only charge its depositors with transactions that are "properly payable." Generally speaking, a bank is strictly liable for paying on a forged check or unauthorized electronic transfer.

16. When a bank charges a customer for an improperly paid item and the bank sends the customer an account statement showing payment, the responsibilities and liabilities of the bank and customer are governed by Tenn. Code Ann. § 47-4-406.

17. Pursuant to Tenn. Code Ann. § 47-4-406, a bank that has not made the improper payments in good faith is strictly liable for all such payments regardless of whether or when the customer notified the bank of any improper payments. On information and belief, iLight contends that the Bank did not make any of the payments at issue in this action in good faith, primarily because the Bank did not act in a commercially reasonable manner in making the payments. The total amount of forged/unauthorized payments is $133,775.46

18. Pursuant to Tenn. Code Ann. § 47-4-106(d), a bank that sends statements to its customer and makes unauthorized payments in good faith is only responsible for unauthorized payments that appear on any statements that were provided not more than thirty (30) days from the date that the customer provides notice to the Bank of

4

unauthorized transactions. This time period may be altered by the Bank's contract with the customer pursuant to Tenn. Code Ann. § 47-4-302(a). In this case, the Bank extended the period to sixty (60) days in its depository agreement with iLight. iLight provided notice to the Bank of the forgeries not later than March 15, 2010.

19. In the alternative to recovery of the entire amount of unauthorized payments, iLight contends that the Bank is responsible for all forged and unauthorized payments that were contained on the January, February and March 2010 statements. The total amount of these payments is $69,847.22.

## COUNT TWO

## BREACH OF CONTRACT

20. Plaintiff hereby incorporates all preceding allegations.

21. By refusing to reimburse iLight for the forged/unauthorized payments, the Bank has breached its contract with iLight.

22. iLight has suffered damages as a result of this breach.

## COUNT THREE

## CONSUMER PROTECTION

23. Plaintiff hereby incorporates all preceding allegations.

24. By refusing to reimburse iLight for any forged/unauthorized transaction, regardless of the date of the transaction, the Bank has engaged in unfair and/or deceptive conduct prohibited by the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-180-101, *et. seq.*

25. iLight has suffered substantial damages as a result of the Bank's unfair and/or deceptive acts or practices.

26. The Bank willfully and/or knowingly engaged in the unfair and/or deceptive acts or practices described herein. The Bank is therefore liable for treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

27. The Bank is also liable for Plaintiff's attorneys fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1).

## COUNT FOUR

## BAD FAITH

28. Plaintiff hereby incorporates all preceding allegations.

29. Tenn. Code Ann. § 47-1-304 imposes an obligation of good faith on the Bank in performing its contractual and statutory obligations to its customers, including iLight.

30. By refusing to reimburse iLight for any forged/unauthorized transaction, regardless of the date of the transaction, the Bank has acted in bad faith.

31. iLight has suffered damages, including, but not limited to the amount of the unauthorized/forged transactions as a result of the Bank's failure to act in good faith. Pursuant to Tenn. Code Ann. § 47-1-305, iLight is entitled to be placed in as good a position as if the Bank had fully performed its obligations in good faith.

## IV. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests the Court to grant it the following relief:

a. Empanel a jury of six to hear the issues joined by the pleadings.

b. Award a judgment against the Bank and in favor of iLight, for compensatory damages in an amount to be determined at trial, but not less than $133,775.46.

c. Award treble damages and attorneys fees to iLight pursuant to the Tennessee Consumer protection Act.

d. Award iLight prejudgment interest.

e. Grant iLight what further relief to which it may be entitled, whether legal or equitable.

Respectfully submitted:

_____
Gregory H. Oakley (BPRN 16237)
Peter Robison (BPRN 02748)
Drescher & Sharp, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37203
(615)425-3703
(615)425-7110
goakley@dsattorneys.com
probison@dsattorneys.com

Counsel for Plaintiff